

FILED

May 16 2023, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul J. Podlejski
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kristopher M. Wainscott, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | May 16, 2023 <br><br> Court of Appeals Case No. 22A-CR-1817 <br><br> Interlocutory Appeal from the Madison Circuit Court <br><br> The Honorable David A. Happe, Judge <br><br> Trial Court Cause No. 48C04-2106-F1-1685 |

**Opinion by Judge Weissmann**
Judges Bailey and Brown concur.

**Weissmann, Judge.**

Police obtained a search warrant for Kristopher Wainscott's phone based on his 11-year-old niece's accusation that Wainscott molested her. After police seized Wainscott's phone—but before they analyzed its contents—the victim partially recanted her allegations against Wainscott. Doubting the veracity of the recantation, the investigating detective and local prosecutor proceeded with analyzing Wainscott's phone without informing the magistrate who issued the warrant of the new development.

Wainscott moved to suppress all evidence derived from the search warrant, arguing that the State's failure to inform the magistrate of the victim's recantation constituted an omission of material facts that rendered the warrant invalid. The trial court denied Wainscott's motion, and he filed this interlocutory appeal. We affirm the trial court's judgment. Because the warrant had already been executed by the seizure of the phone, the State had no obligation to inform the magistrate of the partial recantation.

## Facts

In late December 2020, a father reported to police that his daughter (Victim) had been molested. When Detective Dave Preston interviewed Victim, she told him the incident occurred at a birthday party at her grandmother's house a few months earlier. According to Victim, Wainscott followed her into a bathroom and allegedly exposed himself and had sex with her. Victim also expressed anxiety that her actions would get Wainscott in trouble.

[4] Detective Preston applied for a search warrant on January 5, 2023. The warrant sought to search Wainscott's residence for electronic devices capable of storing and creating child pornography, as well as images and videos from the subject birthday party. A magistrate judge approved the warrant, and law enforcement seized Wainscott's phone from his home two days later.

[5] On February 1, Wainscott's attorney informed Detective Preston that Victim had recanted the allegations. In response, Detective Preston talked to Victim's mother, who said she had "cornered" Victim, impressing upon her the importance of being truthful, warning Victim that the State might "put [Wainscott] in prison for 40 years" and "take him away from his family." Tr., p. 26. In response, Victim said she had fabricated parts of the allegations against Wainscott.

[6] Although Detective Preston did not believe Victim's recantation, he contacted the prosecutor to explain the situation. Agreeing that the recantation seemed suspect, the prosecutor recommended against alerting the magistrate judge who issued the search warrant and to continue with the scheduled forensic analysis of Wainscott's phone. A month later, law enforcement searched the phone and found voyeuristic images of Victim and, in total, 171 images of child pornography. The State subsequently filed charges against Wainscott alleging child molestation, possession of child pornography, and voyeurism.

[7] Before his trial, Wainscott moved to suppress the evidence obtained through the search warrant. At a hearing on the matter, Wainscott argued that when Victim

partially recanted, the warrant was not fully executed because the contents of the phone had not yet been analyzed. Therefore, according to Wainscott, Detective Preston had a duty to inform the magistrate of the newly discovered material fact, and his failure to do so destroyed the warrant's basis for probable cause and rendered it invalid. The trial court denied the motion to suppress, and Wainscott now brings this interlocutory appeal.

## Discussion and Decision

[8] We review a trial court's denial of a motion to suppress "similar to other sufficiency issues." *Litchfield v. State*, 824 N.E.2d 356, 358 (Ind. 2005). "We determine whether substantial evidence of probative value exists to support the trial court's ruling." *Id.* We do not reweigh the evidence and construe conflicting evidence towards upholding the trial court's ruling. *Id.* However, unlike other sufficiency matters, we also consider uncontested evidence that is favorable to the defendant. *Keeylen v. State*, 14 N.E.3d 865, 871 (Ind. Ct. App. 2014).

[9] "In deciding whether to issue a search warrant, 'the task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Query v. State*, 745 N.E.2d 769, 771 (Ind. 2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Reviewing courts must determine "whether the issuing magistrate had a substantial basis for concluding that probable cause existed." *Id.* We

"focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause." *Id.* Significant deference is given to the issuing magistrate's judgment. *Id.*

### *Reverse Franks Claim*

In *Franks v. Delaware*, the United States Supreme Court held that when the defendant makes a substantial preliminary showing that the supporting affidavit for a search warrant knowingly or intentionally contains a false statement, or reflects a "reckless disregard for the truth," the trial court must hold a hearing. 438 U.S. 154, 155-56 (1978). If, at the hearing, the court determines that "the rest of the affidavit is insufficient to establish probable cause, 'the search warrant must be voided' and any evidence obtained from its fruits excluded." *Keeylen*, 14 N.E.3d at 872 (quoting *Franks*, 438 U.S. at 156). A defendant makes a 'reverse' *Franks* claim when alleging that the State omitted information material to the probable cause analysis. *Keeylen*, 14 N.E.3d at 872.

Derivative of its *Franks* obligations, the State must update the judge that issued a warrant of any newly discovered material information between the warrant's issuance and its execution. *Query*, 745 N.E.2d at 772 ("the magistrate must be made aware of any 'material' new or correcting information" before the warrant's execution). "Material information" is information which has any tendency to "cast doubt on the existence of probable cause." *Id.* Essentially, in the "situation where the police learned new information after receiving a warrant, *but before executing the warrant*," the issuing magistrate must be made

aware of the information to ensure probable cause still supports the warrant. *Ware v. State*, 859 N.E.2d 708, 708 (Ind. Ct. App. 2007) (emphasis added).

[12] Wainscott seeks relief under this version of a reverse *Franks* claim. He argues that Victim's recantation happened before the search warrant had been fully executed because the contents of the phone seized through the warrant had not yet been analyzed. Assuming that Victim's recantation is a material fact, this would have required the State to inform the magistrate judge of this development. But Indiana law contradicts this interpretation of a search warrant's execution. "[A] warrant authorizing a search, testing, or other analysis of an item, tangible or intangible, is deemed executed *when the item is seized by a law enforcement officer*." Ind. Code § 35-33-5-7(f) (2020) (emphasis added); *see also Brown v. Eaton*, 164 N.E.3d 153, 163-66 (Ind. Ct. App. 2021) (interpreting and applying Ind. Code § 35-33-5-7(f)). Thus, police fully executed the search warrant by seizing Wainscott's phone. Victim's partial recantation occurred nearly a month after the phone's seizure and consequently cannot affect the search warrant's validity.

[13] Besides Victim's partial recantation, Wainscott also argues that Detective Preston's affidavit supporting the search warrant omitted material information about Victim's credibility. Wainscott alleges that the affidavit "cherry pick[ed]" favorable facts and otherwise omitted facts that might have worked against a finding of probable cause. Appellant's Br., p. 15. While Wainscott admits that the affidavit described Victim as "worried that things weren't true" and "worried about getting in trouble," he still contends the affidavit misled the

magistrate. Exhs., p. 14. We disagree. The affidavit reflects a fair and accurate rendition of the events prompting Detective Preston's request for a search warrant and supports a finding of probable cause. Wainscott has not met the high bar of proving that the State "engaged in a deliberate falsehood or reckless disregard for the truth." *Keeylen*, 14 N.E.3d at 877.

As the State had no duty to inform the magistrate about Victim's partial recantation occurring after execution of the warrant and because probable cause otherwise supported the search warrant, we affirm.

Bailey, J., and Brown, J., concur.